IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

No. 32,478

GILBERT E. TORRES, JR.,

   Petitioner,

vs.

STATE OF NEW MEXICO,

   Respondent.

## RESPONDENT'S RESPONSE TO PETITION FOR WRIT OF CERTIORARI (RULE 12-501 NMRA)

SUPREME COURT OF NEW MEXICO
FILED

AUG 1 3 2010

*Kathleen Jo Gibson*

August 13, 2010.

GARY K. KING
ATTORNEY GENERAL

Margaret McLean
Assistant Attorney General
P.O. Drawer 1508
Santa Fe, New Mexico 87504-1508
(505) 827-6929

Attorneys for Respondent

Respondent, by counsel Margaret McLean, Assistant Attorney General, hereby files this response to the Petition for Writ of Certiorari (Petition) filed on June 28, 2010 in this Rule 12-501 NMRA proceeding. This response is timely filed on August 13, 2010. Order, August 5, 2010.

Petitioner seeks review of the denial of state habeas corpus relief by the state district court. Rule 5-802 NMRA. Respondent respectfully asks this Court to deny the Petition.

## GROUND RAISED IN PETITION

The Petition challenges the denial of relief on the claim that trial counsel was ineffective by not filing a motion to suppress evidence under the federal and New Mexico constitutions. Petition, at 6. This ground is the only ground raised and reviewable by this Court. Rule 12-501. Any other grounds previously raised in the state habeas corpus petition in state district court are deemed abandoned.

The ineffective assistance of counsel claim for relief is premised on the supposed viability of the Fourth Amendment claim; if counsel had filed a motion to suppress, the motion would have been granted. Petitioner claims that the evidence would have been suppressed for two reasons: 1) the state district court failed to apply binding precedent concerning the entry into the home and the warrantless, night time search; Petition, at 7;

1

and, 2) the state district court erred in relying on the community caretaker exception. Petition, at 8.

## REVIEW OF STATE DISTRICT COURT PROCEEDINGS

On December 13, 2001, Petitioner was charged with an open count of murder and one count of tampering with evidence. Following a jury trial before Judge Pope, Petitioner was convicted of second-degree murder and tampering with evidence. Judgment, Sentence and Commitment, filed June 20, 2003. The sentence imposed was sixteen and one-half years.

## REVIEW OF DIRECT APPEAL PROCEEDINGS

### A. New Mexico Court of Appeals

Petitioner pursued a direct appeal in the New Mexico Court of Appeals, No. 24,102. The appeal was placed on the general calendar. Petitioner raised the following issues on appeal:

I. Counsel failed to file a motion to suppress the evidence under the Fourth Amendment to the U.S. Constitution and Article II, § 10 of the New Mexico Constitution when state agents searched Petitioner's residence without a search warrant:

A. Plain error occurred.

B. Trial counsel provided ineffective assistance of counsel when no plausible, rational or reasonable strategy existed

2

>        for the failure of trial counsel to move for the suppression
>        of evidence.
>
> II.    Evidentiary issues created error (with two subparts).
>
> III.   The prosecutor's statements and arguments created error (with
>        two subparts).
>
> IV.    Cumulative error occurred based on the foregoing errors.

Brief-in-Chief, filed on or about December 23, 2003.

The State of New Mexico filed an answer brief on April 16, 2004. Petitioner filed a reply brief on May 17, 2004.

The New Mexico Court of Appeals issued an opinion, State v. Torres, 2005-NMCA-070, 137 N.M. 607, 113 P.3d 877. The opinion affirmed the convictions and sentence.

The opinion presented the facts surrounding the crimes. Torres, 2005-NMCA-070, ¶¶ 2-8. The failure of trial counsel to file a motion to suppress was reviewed based on Petitioner's assertion this failure was plain error. Torres, 2005-NMCA-070, ¶¶ 9-12. No plain error was found because the record indicated a rational basis for the finding that the initial entry into the home was consensual.

Torres, 2005-NMCA-070, ¶¶ 13-18, also addressed Petitioner's claim that counsel was ineffective for failing to file a motion to suppress evidence.

3

This claim was evaluated using the two-prong <u>Strickland v. Washington</u> standard and recognizing that Petitioner had the burden to establish ineffective assistance of counsel. <u>Torres</u>, 2005-NMCA-070, ¶ 13.

The first prong was not shown: "...the record in this case indicates that Defendant's trial counsel believed Defendant had consented to the entry of police into his home." <u>Torres</u>, 2005-NMCA-070, ¶ 17. The second prong was not established because Petitioner did not show exactly how he was prejudiced by this supposed failure in representation. <u>Torres</u>, 2005-NMCA-070, ¶ 18. The New Mexico Court of Appeals rejected the ineffective assistance of counsel claim. <u>Torres</u>, 2005-NMCA-070, ¶ 18.

Judge Vigil issued a separate opinion, concurring in part and dissenting in part. <u>Torres</u>, 2005-NMCA-070, ¶¶ 48-57.

**B.   New Mexico Supreme Court**

Petitioner filed a petition for writ of certiorari, Rule 12-502 NMRA, on April 27, 2005, No. 29,194. Seven grounds were presented including:

> V.   Whether the COA erroneously held that plain error did not occur when defense counsel failed to file a motion to suppress when the State searched Petitioner's residence without a search warrant? Petition, at 2.

4

VI.  Whether the COA erroneously held that trial counsel did not provide ineffective assistance of counsel when no plausible, rational or reasonable strategy existed for the failure of trial counsel to move for the suppression of evidence? Petition, at 2.

The State of New Mexico filed a response to the petition on May 13, 2005.

On May 20, 2005, this Court issued an order denying the petition for writ of certiorari.

The New Mexico Court of Appeals filed a mandate on July 21, 2005.

## **REVIEW OF STATE HABEAS CORPUS PROCEEDINGS**

Petitioner sought review pursuant to Rule 5-802 NMRA. The petition was filed on April 17, 2006. Petitioner raised the following grounds for relief:

A.  Trial counsel failed to provide effective assistance of counsel by the failure to file and litigate a motion to suppress evidence. Petition, at 23.

B.  Trial counsel failed to provide effective assistance of counsel when he failed to object to the admission of a prior statement made by the decedent. Petition, at 24-25.

C.  The failure of trial counsel denied Petitioner a fair trial and due process of law. Petition, at 25.

5

Petitioner did not raise any claim of actual innocence.

A response was filed by the State of New Mexico on May 18, 2009. Stipulated facts were entered on October 6, 2009. On October 6, 2009 and October 7, 2009, an evidentiary hearing was held before Judge Pope. The parties submitted proposed findings of fact and conclusions of law.

On May 27, 2010, Judge Pope issued an order denying petition for writ of habeas corpus. Judge Pope characterized the issue: "The gravamen of the petition is that the Petitioner received inadequate representation of counsel at his trial in that his attorney did not file a motion to suppress evidence based on a warrantless search of his premises." Order, at 1, ¶ 2. Judge Pope found the entry into the home was lawful based on consent and the community-caretaking doctrine. Order, at 2, ¶¶ 4, 5. Based on the totality of the circumstances, no Fourth Amendment violation occurred. Order, at 2, ¶ 6.

Judge Pope found the failure to file a motion to suppress did not warrant a finding of ineffective assistance of counsel. Order, at 2, ¶ 8, ¶ 9. The two prongs of the <u>Strickland</u> standard were not established because the supposed failure to file a motion to suppress was not prejudicial; "...that there is a high probability that the motion would have failed." Order, at 2, ¶ 9.

6

All other claims and issues raised by Petitioner were denied. Order, at 2, ¶ 10. State habeas corpus relief was denied. Order, at 3.

## RESPONSE

The Petition should be denied. Petitioner has failed to establish the violation of his Sixth Amendment right to counsel. The denial of state habeas corpus relief by Judge Pope was appropriate based on the record and the governing standard of review for a claim of ineffective assistance of counsel.

### A.   Only the claim of ineffective assistance of counsel based on the Fourth Amendment issue is raised. Any other claims have been abandoned.

Petitioner focuses on the ineffective assistance of counsel claim based on the failure of counsel to pursue a motion to suppress. In the state habeas corpus petition, Petitioner raised two other and separate claims of ineffective assistance of counsel. These claims are not raised in the Petition and should be deemed abandoned.

### B.   Petitioner does not raise any claim of actual innocence.

Petitioner has not raised any claim of actual innocence during the state habeas corpus proceedings. Any claim of actual innocence is not properly before this Court for review. Montoya v. Ulibarri, 2007-NMSC-035, 142 N.M. 89, 163 P.3d 476.

7

### C. Judge Pope's denial of state habeas corpus relief on the claim of ineffective assistance of counsel based on counsel's alleged failure to file a motion to suppress is correct. Petitioner failed to establish that counsel's representation was deficient for failing to file a motion to suppress and that Petitioner suffered prejudice.

The Fourth Amendment claim has been reviewed three times: 1) on direct appeal in the New Mexico Court of Appeals; 2) in the petition for writ of certiorari filed in this Court, Rule 12-502; and, 3) by Judge Pope in the state habeas corpus proceeding and with the benefit of an evidentiary hearing. This Court, during the fourth review of this claim, should deny the Petition. The Fourth Amendment claim is without legal merit and therefore, Petitioner cannot establish a Sixth Amendment claim of ineffective assistance of counsel.

An ineffective assistance of counsel claims is evaluated using the Strickland v. Washington, 466 U.S. 688 (1984), two-prong test. See State v. Aker, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 484 (two- prong Strickland standard reiterated). A petitioner must satisfy both parts of the two-prong test to establish ineffective assistance of counsel. Strickland, 466 U.S. at 687. First, a petitioner must show that counsel's performance was deficient. Id. This prong mandates a showing "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." Id. This prong recognizes that

8

judicial scrutiny of counsel's performance is highly deferential. Id. at 689. A fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Id.; Bell v. Cone, 535 U.S. 685, 702 (2002).

Strickland v. Washington, 466 U.S. at 689, recognized that there are "countless ways to provide effective assistance of counsel in any given case" and "even the best criminal defense attorneys would not defend a particular client in the same way." "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding." Strickland, 466 U.S. at 696.

A petitioner must overcome the presumption that the challenged conduct might be considered sound trial strategy. Id. Wiggins v. Smith, 539 U.S. 510, 521 (2003), reiterated the Strickland standard emphasizes the "proper measure of attorney performance remains simply reasonableness under prevailing professional norms."

Second, a petitioner must show that counsel's deficient performance was prejudicial. Strickland, 466 U.S. at 687. This second prong requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

9

different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

An ineffective assistance of counsel claim fails if either one of the two Strickland prongs is not met. A reviewing court may analyze the prejudice prong first. Scroggin v. Kaiser, 186 F.3d 1203, 1207 (10th Cir.), cert. denied, 528 U.S. 953 (1999).

The specific Fourth Amendment complaint was reviewed. Counsel's performance was found to be reasonable given the facts of the case and a reasonable interpretation of the facts surrounding the initial response to the home of Petitioner based on Petitioner's call that his estranged wife had committed suicide. The entry was consensual and also supported by the community caretaking function.

The language of the order establishes Judge Pope conducted the evaluation mandated by Strickland. Of particular assistance is the recognition by the United States Supreme Court that if the same judge reviewing a habeas claim is the same judge who presided over the criminal trial, deference should be afforded because of the unique position of that judge to consider the totality of the circumstances. See Schriro v. Landrigan, 550 U.S. 465, 476 (2007)("And it is worth noting, again, that the judge presiding on postconviction review was ideally situated to make this

10

assessment because she is the same judge that sentenced Landrigan and discussed these issues with him.").

Here, Judge Pope presided over the jury trial, watched defense counsel represent Petitioner, heard all the evidence, and entered the judgment and sentence. State habeas corpus review of the claim of ineffective assistance of counsel was facilitated by Judge Pope's incomparable knowledge of the record, the decision of the New Mexico Court of Appeals in State v. Torres, the denial of certiorari review of the same or comparable claims by this Court; the extensive litigation during the state habeas corpus proceeding, including a two-day evidentiary hearing, and the recognition that, ultimately, the Fourth Amendment claim had no merit based on the facts. Judge Pope was "ideally situated" to make the assessment of the claim of ineffective assistance of counsel. Coupled with the deferential standard of Strickland, the denial of relief was proper.

## CONCLUSION

Respondent respectfully asks this Court to deny the Petition.

Respectfully submitted,

GARY K. KING
ATTORNEY GENERAL

*/s/ Margaret McLean*

Margaret McLean
Assistant Attorney General

11

                                        P.O. Drawer 1508
                                        Santa Fe, New Mexico 87504-1508
                                        (505) 827-6929

                                        Attorneys for Respondent

## CERTIFICATE OF SERVICE

     I hereby certify that I mailed a true and correct copy of this pleading, by first-class mail, postage prepaid, to:

Todd Hotchkiss
Attorney at Law
Frechette & Associates, P.C.
P.O. Box 26807
Albuquerque, New Mexico 87125

on this 13th day of August, 2010.

_____
Assistant Attorney General