# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**GILBERT E. TORRES JR.,**

    **Petitioner,**

**vs.**         **No. CIV-10-1199 JB/LAM**

**ANTHONY ROMERO, Warden,**

    **Respondent.**

## RESPONDENT'S ANSWER TO PETITION FOR WRIT OF FEDERAL HABEAS CORPUS (28 U.S.C.§ 2254)

Respondent, by counsel, Margaret McLean, Assistant Attorney General, asserts the following in Answer to the Petition for Writ of Habeas Corpus (Petition), Doc. 1.  This Answer is timely filed on February 3, 2011. Doc.  5.

Respondent respectfully asks this Court to deny the Petition and dismiss the Petition based on the governing standards of review set forth in 28 U.S.C. § 2254.

In response to the Petition, Respondent respectfully states:

1.  Petitioner is in the lawful custody of Respondent Anthony Romero, Warden, pursuant to a valid Judgment, Sentence and

Commitment filed in the Thirteenth Judicial District Court, Valencia County, Cause No. CR-2001-01483, on June 30, 2003.  Exhibit A.

2.     Following a jury trial, Petitioner was found guilty on February 14, 2003 and sentenced on May 19, 2003, for the following crimes:

- Murder in the second degree, a second degree felony; and,

- Tampering with evidence, a fourth degree felony.

- Petitioner was sentenced to a total incarceration term of sixteen and one-half (16 ½) years.

- Petitioner was awarded ninety-seven (97) days of presentence confinement.

- Following his release, Petitioner will serve a parole term of two (2) years.

3.     For purposes of the "in custody" requirement of 28 U.S.C. § 2254, Petitioner was in custody at the time of the filing of the Petition, Doc. 1, on December 16, 2010 and remains in custody as of the date of the filing of the Answer.

4.     Respondent denies all material allegations that Petitioner has suffered a violation of any federal law or federal constitutional provision that mandates the granting of federal habeas corpus review and relief.  28 U.S.C. § 2254.

5.      The Antiterrorism and Effective Death Penalty Act (AEDPA) governs all petitions for federal habeas relief filed after April 24, 1996.  The Petition was filed on December 16, 2010 and is governed by the terms of AEDPA.

6.      In the Petition, Petitioner raises the single claim that his counsel was ineffective for failing to file a motion to suppress evidence obtained through a warrantless search.  Doc. 1, Petition, at 20-21.

7.      The following documents are attached for review of the state court record:

**Thirteenth Judicial District Court, Valencia County Cause No. CR-2001-483**

Exhibit A -  Judgment, Sentence and Commitment, filed June 20, 2003.

Exhibit B -  Notice of Appeal, filed June 25, 2003.

Exhibit C -  Docketing Statement, filed August 22, 2003.

**New Mexico Court of Appeals No. 24,103 – DIRECT APPEAL**

Exhibit D -  Notice, Assignment to the General Calendar, filed October 9, 2003.

Exhibit E -  Appellant's Brief-In-Chief, filed December 23, 2003 (four arguments).

Exhibit F -  Plaintiff-Appellee State of New Mexico's Answer, Brief, filed April 16, 2004.

Exhibit G - Appellant's Reply Brief, filed May 17, 2004.

Exhibit H - Oral Argument Calendar, July 8, 2004.

Exhibit I -  Opinion, filed April 7, 2005, and reported, <u>State v. Torres</u>, 2005-NMCA-070, 137 N.M. 607, 113 P.3d 877.

## <u>New Mexico Supreme Court No. 29,149</u>- **CERTIORARI**

Exhibit J -  Petition for Writ of Certiorari, with exhibits, filed April 27, 2005.

Exhibit K -  Response to Defendant's Petition for Writ of Certiorari, filed May 13, 2005.

Exhibit L -  Order, filed May 20, 2005.

Exhibit M - Mandate, filed July 21, 2005.

## <u>Thirteenth Judicial District Court, Valencia County Cause No. CR-2001-483 — STATE HABEAS CORPUS PROCEEDINGS</u>

Exhibit N — Petition for Writ of Habeas Corpus, with exhibits, filed April 17, 2006.

Exhibit O - Response to Habeas Corpus Petition, filed May 18, 2009.

Exhibit P -  Stipulated Facts, filed on October 6, 2009.

Exhibit Q - Order Denying Petition for Writ of Habeas Corpus, filed May 27, 2010.  This order denying relief was entered after an evidentiary hearing on October 6, 2009 and December 7, 2009.

## <u>New Mexico Supreme Court No. 32,478</u> - <u>CERTIORARI</u>

Exhibit R - Petition for Writ Certiorari, with exhibits, filed July 13, 2010.

Exhibit S -  Respondent's Response to Petition for Wit of Certiorari (Rule

12-501 NMRA), filed August 13, 2010.

Exhibit T -  Order, filed August 19, 2010.

## <u>Docket Sheet</u>

Exhibit U - Thirteenth Judicial District Court, Valencia County Cause No.

CR-2001-483, state court docket sheet printed January 18,

2011.

## <u>EXHAUSTION</u>

8.     Respondent submits Petitioner has exhausted his claim on direct appeal, by filing a state habeas corpus petition and a petition for writ of certiorari to the New Mexico Supreme Court.  No additional state court remedy is available or necessary.

## <u>FEDERAL HABEAS CORPUS STANDARDS OF REVIEW</u>

9.     Respondent specifically denies that Petitioner is entitled to relief on the ground raised in the Petition, Doc. 1.  The claim is governed by the federal habeas corpus standards of review set forth in 28 U.S.C. § 2254(d) and (e).

10.     Petitioner has not alleged or established the state court proceedings either:  1) resulted in a decision that was contrary to, or involved an unreasonable application of, federal law as determined by the United States Supreme Court; or, 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings.  28 U.S.C. § 2254(d).  Renico v. Lett, ___U.S.___, 2010 U.S. LEXIS 3675 (May 3, 2010); Williams v. Taylor, 529 U.S. 362, 406 (2000).  See Woodford v. Visciotti, 537 U.S. 19, 21 (2002)(this highly deferential standard of review mandates that state court convictions be given the benefit of the doubt).

11.     Any factual findings made by the state courts are subject to the presumption of correctness.  28 U.S.C. § 2254(e)(1); Smith v. Mullin, 379 F.3d 919, 924-25 (10th Cir. 2004).  Petitioner has not offered clear and convincing evidence to rebut the factual findings made by the state courts in denying his claim.

13.     Following the jury trial and the guilty verdict, any error in the state court criminal proceeding was harmless.  Brecht v. Abrahamson, 507 U.S. 619 (1993).

14.     The state court decisions are entitled to deference even if the reasoning is not expressly stated.  Sandoval v. Ulibarri, 548 F.3d 902, 911 (10th Cir. 2008).

15.     The deferential standard is especially applicable because the same state district court judge who entered the judgment and sentence, Exhibit A, was the same state district court judge who reviewed the state habeas corpus petition held an evidentiary hearing and denied relief, Exhibit Q.  See Schriro v. Landrigan, 550 U.S. 465, 476 (2007)("And it is worth noting, again, that the judge presiding on postconviction review was ideally situated to make this assessment because she is the same judge that sentenced Landrigan and discussed these issues with him.").  The state district court judge was the Honorable Judge John Pope, Thirteenth Judicial District Court.

16.     The claim of ineffective assistance of counsel at trial was reviewed and decided in the direct appeal proceedings and in the state habeas corpus review.  The state court disposition of an ineffective assistance of counsel claim is subject to a deferential standard two-prong standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), as well as standards set forth in 28 U.S.C. § 2254(d).  Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 173 L.Ed. 2d 251 (2009).  See Crawley v. Dinwiddie,

584 F.3d 916 (10th Cir. 2009)(following the "analytical method demonstrated in <u>Knowles v. Mirzayance</u>").

17.     Respondent also relies on three recent United States Supreme Court cases denying federal habeas corpus relief for claims of ineffective assistance of counsel:  <u>Harrington v. Richter</u>, 2011 U.S. LEXIS 912 (January 19, 2011); <u>Wong v. Belmontes</u>, ___U.S.___, 130 S.Ct. 383, 175 L.Ed.2d 328 (2009); and <u>Bobby v. Van Hook</u>, ___U.S.___, 130 S.Ct. 13, 175 L.Ed.2d 255 (2009).  In each case, the standards of review for both a federal habeas proceeding and ineffective assistance of counsel precluded the granting of a writ.

18.     The decisions of the New Mexico Court of Appeals and New Mexico Supreme Court reviewing and denying the claim now presented in the Petition support Respondent's argument that the Petition should be denied and dismissed with prejudice.  <u>Yarborough v. Alvarado</u>, 541 U.S. 652 (2004).

19.     Specifically, a review of an ineffective assistance of counsel claim is unique:

The question is "not whether a federal court believes the state court's determination" under the <u>Strickland</u> standard was "incorrect but whether that determination was unreasonable—a

substantially higher threshold." Schriro [v. Landrigan], 550
U.S. at 473 (2007).  And, because the Strickland standard is a
general standard, a state court has even more latitude to
reasonably determine that a defendant has not satisfied that
standard.  See Yarborough v. Alvarado, 541 U.S. 652, 664
(2004)("[E]valuating whether a rule application was
unreasonable requires considering the rule's specificity.  The
more general the rule, the more leeway courts have in reaching
outcomes in case-by-case determinations.").

Knowles v. Mirzayance, ___ U.S.___, 129 S.Ct. at 1420.  See Brown v.
Franklin, 2009 U.S. Dist. LEXIS 97708, *55 (W. D. Okl. 2009)(adopting
same analysis for federal habeas review).

## STONE V. POWELL PRECLUDES REVIEW AND RELIEF FOR THE FOURTH AMENDMENT CLAIM INCORPORATED IN THE INEFFECTIVE ASSISTANCE OF COUNSEL COMPLAINT

20.    The claim also raises a Fourth Amendment issue concerning
Petitioner's complaint that counsel was ineffective for failing to file a
motion to suppress in the state district court.  The claim was reviewed on
direct appeal and denied by the New Mexico Supreme Court.  Fourth
Amendment claims are not cognizable federal habeas corpus claims.  Stone
v. Powell, 428 U.S. 465, 494 (1976).

21.     Where the State has provided a petitioner with an opportunity for full and fair litigation of a Fourth Amendment claim, a petitioner may not secure federal habeas relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial.  Stone v. Powell, 428 U.S. at 494.  See Matthews v. Workman, 577 F. 3d 1175, 1194 (10th Cir. 2009), cert. denied, 130 S.Ct. 1900 (2010)(applying Stone v. Powell to decline review of Fourth Amendment issue).

22.     The state court record clearly reflects the litigation of the Fourth Amendment claim and the denial of relief.  No further review is warranted.

**ANY OTHER AND ADDITIONAL REQUESTS FOR RELIEF SHOULD BE DENIED**

23.     Any other and additional requests for relief made by Petitioner should be denied.

WHEREFORE Respondent respectfully requests the Petition be denied and dismissed with prejudice.  Petitioner has not alleged any violation of a federal constitutional right requiring review and relief.  28 U.S.C. § 2254.

Respectfully submitted,

GARY K. KING
Attorney General

Electronically filed
/s/ Margaret McLean
Margaret McLean
Assistant Attorney General

Attorneys for Respondent
Post Office Drawer 1508
Santa Fe, New Mexico 87504-1508
(505) 827-6929
mmclean@nmag.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February, 2011, I filed the foregoing Answer to Petition for Writ of Federal Habeas Corpus (28 U.S.C.§ 2254), with exhibits, electronically through the CM/ECF system which caused counsel for Petitioner, Todd Hotchkiss, to be served electronically as indicated in the notification of electronic filing at tbhotchkiss@frechettelaw.com.

/s/ Margaret McLean
Margaret McLean
Assistant Attorney General

11