# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

No. 32,478

GILBERT E. TORRES, JR.,

      Petitioner,

vs.

STATE OF NEW MEXICO,

      Respondent.

## RESPONDENT'S RESPONSE TO PETITION FOR WRIT OF CERTIORARI (RULE 12-501 NMRA)

SUPREME COURT OF NEW MEXICO

**FILED**

AUG 1 3 2010

*Kathleen Jo Gibson*

**August 13, 2010.**

**GARY K. KING**
**ATTORNEY GENERAL**

**Margaret McLean**
**Assistant Attorney General**
**P.O. Drawer 1508**
**Santa Fe, New Mexico 87504-1508**
**(505) 827-6929**

**Attorneys for Respondent**



Respondent, by counsel Margaret McLean, Assistant Attorney General, hereby files this response to the Petition for Writ of Certiorari (Petition) filed on June 28, 2010 in this Rule 12-501 NMRA proceeding. This response is timely filed on August 13, 2010.  Order, August 5, 2010.

Petitioner seeks review of the denial of state habeas corpus relief by the state district court.  Rule 5-802 NMRA.  Respondent respectfully asks this Court to deny the Petition.

## GROUND RAISED IN PETITION

The Petition challenges the denial of relief on the claim that trial counsel was ineffective by not filing a motion to suppress evidence under the federal and New Mexico constitutions.  Petition, at 6.  This ground is the only ground raised and reviewable by this Court.  Rule 12-501.  Any other grounds previously raised in the state habeas corpus petition in state district court are deemed abandoned.

The ineffective assistance of counsel claim for relief is premised on the supposed viability of the Fourth Amendment claim; if counsel had filed a motion to suppress, the motion would have been granted.  Petitioner claims that the evidence would have been suppressed for two reasons:  1) the state district court failed to apply binding precedent concerning the entry into the home and the warrantless, night time search; Petition, at 7;

1

and, 2) the state district court erred in relying on the community caretaker exception. Petition, at 8.

## REVIEW OF STATE DISTRICT COURT PROCEEDINGS

On December 13, 2001, Petitioner was charged with an open count of murder and one count of tampering with evidence. Following a jury trial before Judge Pope, Petitioner was convicted of second-degree murder and tampering with evidence. Judgment, Sentence and Commitment, filed June 20, 2003. The sentence imposed was sixteen and one-half years.

## REVIEW OF DIRECT APPEAL PROCEEDINGS

### A.   New Mexico Court of Appeals

Petitioner pursued a direct appeal in the New Mexico Court of Appeals, No. 24,102. The appeal was placed on the general calendar. Petitioner raised the following issues on appeal:

I.   Counsel failed to file a motion to suppress the evidence under the Fourth Amendment to the U.S. Constitution and Article II, § 10 of the New Mexico Constitution when state agents searched Petitioner's residence without a search warrant:

    A.   Plain error occurred.

    B.   Trial counsel provided ineffective assistance of counsel when no plausible, rational or reasonable strategy existed

2

for the failure of trial counsel to move for the suppression of evidence.

II.   Evidentiary issues created error (with two subparts).

III.   The prosecutor's statements and arguments created error (with two subparts).

IV.   Cumulative error occurred based on the foregoing errors.

Brief-in-Chief, filed on or about December 23, 2003.

The State of New Mexico filed an answer brief on April 16, 2004. Petitioner filed a reply brief on May 17, 2004.

The New Mexico Court of Appeals issued an opinion, State v. Torres, 2005-NMCA-070, 137 N.M. 607, 113 P.3d 877. The opinion affirmed the convictions and sentence.

The opinion presented the facts surrounding the crimes. Torres, 2005-NMCA-070, ¶¶ 2-8. The failure of trial counsel to file a motion to suppress was reviewed based on Petitioner's assertion this failure was plain error. Torres, 2005-NMCA-070, ¶¶ 9-12. No plain error was found because the record indicated a rational basis for the finding that the initial entry into the home was consensual.

Torres, 2005-NMCA-070, ¶¶ 13-18, also addressed Petitioner's claim that counsel was ineffective for failing to file a motion to suppress evidence.

3

This claim was evaluated using the two-prong <u>Strickland v. Washington</u> standard and recognizing that Petitioner had the burden to establish ineffective assistance of counsel. <u>Torres</u>, 2005-NMCA-070, ¶ 13.

The first prong was not shown: "...the record in this case indicates that Defendant's trial counsel believed Defendant had consented to the entry of police into his home." <u>Torres</u>, 2005-NMCA-070, ¶ 17.  The second prong was not established because Petitioner did not show exactly how he was prejudiced by this supposed failure in representation. <u>Torres</u>, 2005-NMCA-070, ¶ 18.  The New Mexico Court of Appeals rejected the ineffective assistance of counsel claim. <u>Torres</u>, 2005-NMCA-070, ¶ 18.

Judge Vigil issued a separate opinion, concurring in part and dissenting in part. <u>Torres</u>, 2005-NMCA-070, ¶¶ 48-57.

### B.   New Mexico Supreme Court

Petitioner filed a petition for writ of certiorari, Rule 12-502 NMRA, on April 27, 2005, No. 29,194.  Seven grounds were presented including:

V.   Whether the COA erroneously held that plain error did not occur when defense counsel failed to file a motion to suppress when the State searched Petitioner's residence without a search warrant?  Petition, at 2.

4

VI.   Whether the COA erroneously held that trial counsel did not provide ineffective assistance of counsel when no plausible, rational or reasonable strategy existed for the failure of trial counsel to move for the suppression of evidence?  Petition, at 2.

The State of New Mexico filed a response to the petition on May 13, 2005.

On May 20, 2005, this Court issued an order denying the petition for writ of certiorari.

The New Mexico Court of Appeals filed a mandate on July 21, 2005.

## REVIEW OF STATE HABEAS CORPUS PROCEEDINGS

Petitioner sought review pursuant to Rule 5-802 NMRA.  The petition was filed on April 17, 2006.  Petitioner raised the following grounds for relief:

A.   Trial counsel failed to provide effective assistance of counsel by the failure to file and litigate a motion to suppress evidence. Petition, at 23.

B.   Trial counsel failed to provide effective assistance of counsel when he failed to object to the admission of a prior statement made by the decedent.  Petition, at 24-25.

C.   The failure of trial counsel denied Petitioner a fair trial and due process of law.  Petition, at 25.

5

Petitioner did not raise any claim of actual innocence.

A response was filed by the State of New Mexico on May 18, 2009. Stipulated facts were entered on October 6, 2009. On October 6, 2009 and October 7, 2009, an evidentiary hearing was held before Judge Pope. The parties submitted proposed findings of fact and conclusions of law.

On May 27, 2010, Judge Pope issued an order denying petition for writ of habeas corpus. Judge Pope characterized the issue: "The gravamen of the petition is that the Petitioner received inadequate representation of counsel at his trial in that his attorney did not file a motion to suppress evidence based on a warrantless search of his premises." Order, at 1, ¶ 2. Judge Pope found the entry into the home was lawful based on consent and the community-caretaking doctrine. Order, at 2, ¶¶ 4, 5. Based on the totality of the circumstances, no Fourth Amendment violation occurred. Order, at 2, ¶ 6.

Judge Pope found the failure to file a motion to suppress did not warrant a finding of ineffective assistance of counsel. Order, at 2, ¶ 8, ¶ 9. The two prongs of the Strickland standard were not established because the supposed failure to file a motion to suppress was not prejudicial; "...that there is a high probability that the motion would have failed." Order, at 2, ¶ 9.

6

All other claims and issues raised by Petitioner were denied. Order, at 2, ¶ 10. State habeas corpus relief was denied. Order, at 3.

## RESPONSE

The Petition should be denied. Petitioner has failed to establish the violation of his Sixth Amendment right to counsel. The denial of state habeas corpus relief by Judge Pope was appropriate based on the record and the governing standard of review for a claim of ineffective assistance of counsel.

### A.   Only the claim of ineffective assistance of counsel based on the Fourth Amendment issue is raised. Any other claims have been abandoned.

Petitioner focuses on the ineffective assistance of counsel claim based on the failure of counsel to pursue a motion to suppress. In the state habeas corpus petition, Petitioner raised two other and separate claims of ineffective assistance of counsel. These claims are not raised in the Petition and should be deemed abandoned.

### B.   Petitioner does not raise any claim of actual innocence.

Petitioner has not raised any claim of actual innocence during the state habeas corpus proceedings. Any claim of actual innocence is not properly before this Court for review. <u>Montoya v. Ulibarri</u>, 2007-NMSC-035, 142 N.M. 89, 163 P.3d 476.

7

**C.    Judge Pope's denial of state habeas corpus relief on the claim of ineffective assistance of counsel based on counsel's alleged failure to file a motion to suppress is correct.  Petitioner failed to establish that counsel's representation was deficient for failing to file a motion to suppress and that Petitioner suffered prejudice.**

The Fourth Amendment claim has been reviewed three times: 1) on direct appeal in the New Mexico Court of Appeals; 2) in the petition for writ of certiorari filed in this Court, Rule 12-502; and, 3) by Judge Pope in the state habeas corpus proceeding and with the benefit of an evidentiary hearing.  This Court, during the fourth review of this claim, should deny the Petition.  The Fourth Amendment claim is without legal merit and therefore, Petitioner cannot establish a Sixth Amendment claim of ineffective assistance of counsel.

An ineffective assistance of counsel claims is evaluated using the Strickland v. Washington, 466 U.S. 688 (1984), two-prong test.  See State v. Aker, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 484 (two- prong Strickland standard reiterated).  A petitioner must satisfy both parts of the two-prong test to establish ineffective assistance of counsel.  Strickland, 466 U.S. at 687.  First, a petitioner must show that counsel's performance was deficient.  Id.  This prong mandates a showing "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment."  Id.  This prong recognizes that

8

judicial scrutiny of counsel's performance is highly deferential.  Id. at 689.
A fair assessment of counsel's performance requires that every effort be
made to eliminate the distorting effects of hindsight, to reconstruct the
circumstances of counsel's challenged conduct, and to evaluate the conduct
from counsel's perspective at the time.  Id.; Bell v. Cone, 535 U.S. 685, 702
(2002).

Strickland v. Washington, 466 U.S. at 689, recognized that there are
"countless ways to provide effective assistance of counsel in any given case"
and "even the best criminal defense attorneys would not defend a particular
client in the same way."  "[T]he ultimate focus of inquiry must be on the
fundamental fairness of the proceeding."  Strickland, 466 U.S. at 696.

A petitioner must overcome the presumption that the challenged
conduct might be considered sound trial strategy.  Id.  Wiggins v. Smith,
539 U.S. 510, 521 (2003), reiterated the Strickland standard emphasizes the
"proper measure of attorney performance remains simply reasonableness
under prevailing professional norms."

Second, a petitioner must show that counsel's deficient performance
was prejudicial.  Strickland, 466 U.S. at 687.  This second prong requires a
showing that there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been

9

different.  Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id.

An ineffective assistance of counsel claim fails if either one of the two Strickland prongs is not met.  A reviewing court may analyze the prejudice prong first.  Scroggin v. Kaiser, 186 F.3d 1203, 1207 (10th Cir.), cert. denied, 528 U.S. 953 (1999).

The specific Fourth Amendment complaint was reviewed.  Counsel's performance was found to be reasonable given the facts of the case and a reasonable interpretation of the facts surrounding the initial response to the home of Petitioner based on Petitioner's call that his estranged wife had committed suicide.  The entry was consensual and also supported by the community caretaking function.

The language of the order establishes Judge Pope conducted the evaluation mandated by Strickland.  Of particular assistance is the recognition by the United States Supreme Court that if the same judge reviewing a habeas claim is the same judge who presided over the criminal trial, deference should be afforded because of the unique position of that judge to consider the totality of the circumstances.  See Schriro v. Landrigan, 550 U.S. 465, 476 (2007)("And it is worth noting, again, that the judge presiding on postconviction review was ideally situated to make this

10

assessment because she is the same judge that sentenced Landrigan and discussed these issues with him.").

Here, Judge Pope presided over the jury trial, watched defense counsel represent Petitioner, heard all the evidence, and entered the judgment and sentence. State habeas corpus review of the claim of ineffective assistance of counsel was facilitated by Judge Pope's incomparable knowledge of the record, the decision of the New Mexico Court of Appeals in State v. Torres, the denial of certiorari review of the same or comparable claims by this Court; the extensive litigation during the state habeas corpus proceeding, including a two-day evidentiary hearing, and the recognition that, ultimately, the Fourth Amendment claim had no merit based on the facts. Judge Pope was "ideally situated" to make the assessment of the claim of ineffective assistance of counsel. Coupled with the deferential standard of Strickland, the denial of relief was proper.

## CONCLUSION

Respondent respectfully asks this Court to deny the Petition.

Respectfully submitted,

GARY K. KING
ATTORNEY GENERAL

Margaret McLean
Assistant Attorney General

11

P.O. Drawer 1508
Santa Fe, New Mexico 87504-1508
(505) 827-6929

Attorneys for Respondent

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of this pleading, by first-class mail, postage prepaid, to:

Todd Hotchkiss
Attorney at Law
Frechette & Associates, P.C.
P.O. Box 26807
Albuquerque, New Mexico 87125

on this 13th day of August, 2010.

Assistant Attorney General

12

*August 19, 2010*

*AG'S*
*Margaret McLean*

NO. 32,478

GILBERT E. TORRES, JR.,

    Petitioner,

v.

STATE OF NEW MEXICO,

    Respondent.

                                        Valencia
                                 District Court
                                  CR-01-483

### ORDER

    This matter coming on for consideration by the Court upon Petition for Writ of Certiorari filed pursuant to Rule 12-501 of the Rules of Appellate Procedure, and the Court having considered said petition and response, and being sufficiently advised, Chief Justice Charles W. Daniels, Justice Patricio M. Serna, Justice Petra Jimenez Maes, Justice Richard C. Bosson, and Justice Edward L. Chávez concurring;

    NOW, THEREFORE, IT IS ORDERED that the Petition for Writ of Certiorari is **denied**.

    IT IS SO ORDERED.

    WITNESS, The Hon. Charles W. Daniels, Chief Justice of the Supreme Court of the State of New Mexico, and the seal of said Court this 19th day of August, 2010.

    *Madeline Garcia*

(SEAL)              Madeline Garcia, Chief Deputy Clerk

ATTEST: A TRUE COPY
*Madeline Garcia*
Clerk of the Supreme Court
of the State of New Mexico

**EXHIBIT**
I

D-1314-CR-200100483 - Tuesday, January 18, 2011

# STATE OF NEW MEXICO VS. GILBERT TORRES

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-1314-CR-200100483 | Pope, John W. | 12/13/2001 | LOS LUNAS  District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | TORRES GILBERT |
| | ATTORNEY: HOTCHKISS TODD BRUCE | | |
| P | Plaintiff | 1 | STATE OF NEW MEXICO |

## CRIMINAL CHARGE DETAIL

| PARTY | COUNT | SEQ # | STATUTE | CHARGE | CLASS | CHARGE DATE | CIT # | PLEA | DISPOSITION | DISP DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| D 1 | 1 | 6 | 30-2-1(B) | MURDER IN THE SECOND DEGREE | F2 | 12/03/2001 | | | JURY CONVICTION | 06/20/2003 |
| D 1 | 2 | 6 | 30-22-5 | TAMPERING WITH EVIDENCE | F4 | 12/03/2001 | | | JURY CONVICTION | 06/20/2003 |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 05/27/2010 | CLS: ORDER, APPLICATION, PETITION OR MOTION DENIED ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS | | | | |
| 05/17/2010 | NTC: NOTICE PETITIONER'S NOTICE OF MOTION FOR PRESENTMENT OF ORDER AS MOOT (TODD HOTCHKISS FOR PET) | | | | |
| 05/07/2010 | REQUEST FOR HEARING/ SETTING REQUEST FOR A HEARING (FILED BY TODD HOTCHKISS) | | | | |
| 05/07/2010 | MTN: MOTION PETITIONERS MOTION FOR PRESENTMENT OF ORDER  TODD HOTCHKISS (ATTORNEY FOR PETITIONER) | | | | |
| 05/07/2010 | FINDINGS & CONCLUSIONS RESPONDENTS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW  MICHAEL E. MARTINEZ (SPECIAL ADA) | | | | |
| 03/16/2010 | FINDINGS & CONCLUSIONS PETITIONERS REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW  TODD HOTCHKISS (DEF COUNSEL) | | | | |
| 01/28/2010 | CORRESPONDENCE TO: MICHAEL E MARTINEZ AND TODD BRUCE HOTCHKISS ATTORNEY AT LAW FROM: THE HONORABLE JOHN W POPE  (AFTER HAVING HEARD TESTIMONY IN REGARDS TO THE WRIT OF HABEAS CORPUS THE COURT IS GOING TO DENY THE WRIT) | | | | |
| 01/12/2010 | ASM: JAIL PRISON Sentenced on 01-12-2010 Count 1-2 Sentenced: 15 years 0 months 0 days Credited:  0 years 0 months 97 days | | | | |
| 11/04/2009 | ORD: TO TRANSPORT TRANSPORT ORDER IT IS ORDERED THAT VCSO TRANSPORT THE DEF, GILBERT TORRES, J ON DEC 7, 2009 AT 1:45 PM BEFORE THE HONORABLE JOHN W. POPE AT VCC (JOHN W. POPE, DISTRICT JUDGE) | | | | |
| 11/02/2009 | NTC: HEARING (CRIMINAL) NOTICE OF HEARING  BEFORE JOHN W POPE AT VCCH ON 12-7-2009 AT 2:30PM CONTINUATION OF EVIDENTIARY HEARING ON PETITION FOR WRIT IF HABEAS CORPUS | | | | |
| 10/09/2009 | OPN: ORDER TO OPEN ORDER RESTORING CASE TO ACTIVE DOCKET  IT IS HEREBY ORDERED THAT THE ABOVE ENTITLED ACTION IS RESTORED TO THE ACTIVE DOCKET AND THAT A SUMMONS IS ISSUED REQUIRING DEFENDANT'S APPEARANCE IN COURT.  JOHN W POPE (JUDGE) | | | | |
| 10/09/2009 | REQUEST FOR HEARING/ SETTING REQUEST FOR A HEARING (FILED BY TODD HOTCHKISS) | | | | |
| 10/06/2009 | STIPULATED REQUEST STIPULATED FACTS  JOHN W POPE (JUDGE)  TODD HOTCHKISS (ATTORNEY FOR PETITIONER) | | | | |
| 09/15/2009 | ORD: TO TRANSPORT TRANSPORT ORDER IT IS ORDERED THAT VCSO TRANSPORT THE DEF, GILBERT TORRES ON OCT 6, 2009 AT 9:00 AM BEFORE THE HONORABLE JOHN W. POPE AT VCC (JOHN W. POPE, DISTRICT JUDGE)  TODD HOTCHKISS (DEF COUNSEL) | | | | |
| 09/03/2009 | NTC: HEARING (CRIMINAL) NOTICE OF HEARING (EVIDENTIARY HRG ON PETITION FOR WRIT OF HABEAS CORPUS SET FOR OCTOBER 6, 2009 AT 9AM BEFORE JUDGE | | | | |


EXHIBIT

D-1314-CR-200100483 - Tuesday, January 18, 2011

|  | JOHN W POPE) |
|---|---|
| 08/31/2009 | REQUEST FOR HEARING/ |
|  | SETTING |
|  | REQUEST FOR A HEARING (FILED BY RODD HOTCHKISS) |
| 08/25/2009 | ORD: OF CONTINUANCE |
|  | ORDER CONTINUING AUGUST 28, 2009 EVIDENTIARY HEARING  AUGUST 28, 2009 HEARING IS VACATED AND WILL BE RESET FOR A LATER |
|  | DATE UPON SUBMISSION OF A REQUEST FOR HEARING AND NOTICE OF HEARING FORM.  JOHN W POPE (JUDGE) |
| 08/24/2009 | MTN: FOR CONTINUANCE |
|  | UNOPPOSED MOTION TO CONTINUE AUGUST 28, 2009 EVIDENTIARY HEARING TODD HOTCHKISS (ATTORNEY FOR PETITIONER) |
| 08/20/2009 | ORD: TO TRANSPORT |
|  | TRANSPORT ORDER IT IS ORDERED THAT VCSO TRANSPORT THE DEF,GILBERT TORRES JR. ON AUG 28, 2009 AT 9:00 AM BEFORE THE |
|  | HONORABLE JOHN W. POPE AT VCC  (JOHN W. POPE, DISTRICT JUDGE) |
| 08/20/2009 | NTC: NOTICE |
|  | PETITIONERS NOTICE OF CHANGE OF NAME OF RESPONDENT WARDEN TODD HOTCHKISS (ATTORNEY FOR PETITIONER) |
| 07/15/2009 | NTC: HEARING (CRIMINAL) |
|  | NOTICE OF HEARING  BEFORE JOHN W POPE AT VCCH ON 8-28-2009 AT 9:00AM EVIDENTIARY HEARING ON PETITION FOR WRIT OF HABEAS |
|  | CORPUS |
| 05/18/2009 | NTC: OF NON- |
|  | AVAILABILITY |
|  | NOTICE OF ATTORNEY NON AVAILABILITY MICHAEL E. MARTINEZ(SPEICAL ASSISTANT DISTRICT ATTORNEY) |
| 05/18/2009 | RESPONSE |
|  | RESPONSE TO HABEAS CORPUS PETITION MICHAEL E. MARTINEZ(SPECIAL ASSISTANT DISTRICT ATTORNEY) |
| 03/10/2009 | NTC: NOTICE |
|  | PETITIONERS NOTICE OF CHNAGE OF NAME OF REPONDENT WARDEN  TODD HOTCHKISS |
| 03/10/2009 | MTN: MOTION |
|  | MOTION FOR ORDER GRANTING PETITION OR ALTERNATIVELY RENEWED REQUEST FOR EVIDENTIARY HEARING  RODD HOTCHKISS |
| 03/10/2009 | NTC: NOTICE |
|  | NOTICE OF ATTORNEY NON-AVAILABILTIY  TODD HOTCHKISS FRECHETTE & ASSOCIATES, P.C. |
| 12/10/2008 | ORD: ORDER |
|  | ORDER TO RESPOND TO HABEAS CORPUS PETITION  JOHN W POPE (JUDGE) |
| 12/03/2008 | OATH/ AND ACCEPTANCE |
|  | OATH OF OFFICE  SPECIAL PROSECUTOR MICHAEL MARTINEZ |
| 12/03/2008 | CERTIFICATE |
|  | CERTIFICATE OF APPOINTMENT  SPECIAL PROSECUTOR MICHAEL MARTINEZ |
| 10/03/2008 | REQUEST FOR HEARING/ |
|  | SETTING |
|  | REQUEST FOR A HEARING (FILED BY TODD HOTCHKISS) |
| 10/03/2008 | REQUEST FOR HEARING/ |
|  | SETTING |
|  | REQUEST FOR A HEARING (FILED BY TODD HOTCHKISS ) |
| 10/03/2008 | NTC: NOTICE |
|  | PETITIONERS NOTICE OF CHANGE OF NAME OF RESPONDENT WARDEN  TODD HOTCHKISS (ATTORNEY FOR PETITIONER) |
| 10/03/2008 | NTC: NOTICE |
|  | NOTICE OF TRIAL DEFENSE COUNSEL'S AFFIDAVIT IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR |
|  | EVIDENTIARY HEARING  TODD HOTCHKISS (ATTORNEY FOR PETITIONER) |
| 10/03/2008 | NTC: NOTICE |
|  | PETITIONERS NOTICE OF EXPERT WITNESS, QUALIFICATION AND SUMMARY OF BASES OF TESTIMONY  TODD HOTCHKISS, ATTORNEY FOR |
|  | PETITIONER |
| 07/30/2008 | RECEIPT |
|  | RECEIPT FOR CASE MATERIAL |
| 08/11/2006 | ORD: OF CONTINUANCE |
|  | STIPULATED ORDER FOR CONTINUANCE (HEARING SET FOR AUG. 18, 2006 IS VACATED AND WILL BE SCHEDULED TO A LATER DATE) |
| 08/11/2006 | MTN: FOR CONTINUANCE |
|  | STIPULATED MOTION FOR CONTINUANCE (JOHN HUNTLEY, ADA) |
| 06/22/2006 | NTC: HEARING (CRIMINAL) |
|  | NOTICE OF HEARING SET FOR JULY 5, 2006 AT 3:00 PM BEFORE THE HONORABLE JOHN W. POPE AT VCC |
| 04/17/2006 | RPN: HABEAS CORPUS |
|  | PETITION |
|  | PETITIONFOR WRIT OF HAVEAS CORPUS (FILED BY TODD HOTCHKISS, ATTY FOR DEF) |
| 07/25/2005 | MANDATE |
|  | MANDATE TO DISTRICT COURT ATTACHED IS A TRUE AND CORRECT COPY OF THE ORIGINAL DECISION ENTERED IN THE ABOVE-ENTITLED |
|  | CAUSE THIS DECISION BEING NOW FINAL, THE CAUSE IS REMANDED TO YOU FOR ANY FURTHER PROCEEDINGG CONSISTENT WITH SAID |
|  | DECISION I WOULD REVERSTE DEFENDANT'S CONVICTION AND REMAND FOR A NEW TRIAL EXLUDING THE VICTIM'S HEARSAY STATEMENT. |

D-1314-CR-200100483 - Tuesday, January 18, 2011

SINCE THE MAJORITY DISAGREE, I DISSENT.  (MICHAEL E. VIGIL, JUDGE)

| | |
|---|---|
| 02/16/2004 | CERTIFICATE |
| | CLERK'S CERTIFICATE (PHILLIP ROMERO DEPUTY CLERK) |
| 11/12/2003 | CERTIFICATE |
| | CERTIFICATE OF SATISFACTORY ARRANGMENTS (TODD HOTCHKISS ATTY FOR DEFENDANT) |
| 11/12/2003 | EXHIBIT DESIGNATION |
| | DESIGNATION OF EXHIBITS (TODD HOTCHKISS ATTY FOR DEFENDANT) |
| 11/03/2003 | TRANSCRIPT DESIGNATION |
| | DESIGNATION OF TRANSCRIPT OF PROCEEDINGS (TODD HOTCHKISS, ATTORNEY FOR GILBERT TORRES) |
| 11/03/2003 | EXHIBIT DESIGNATION |
| | BY TODD HOTCHKISS, ATTORNEY FOR GILBERT TORRES |
| 10/20/2003 | CERTIFICATE |
| | CLERK'S CERTIFICATE 84 AUDIO CASSETTE TAPES WITH COPY OF THE RECORD ON APPEAL MAILED ON OCTOBER 20, 2003 BY PHILIP ROMERO DEPUTY CLERK |
| 10/10/2003 | NTC: NOTICE |
| | NOTICE ASSIGNMENT TO THE GENERAL CALENDAR |
| 09/03/2003 | CERTIFICATE |
| | CLERK'S CERTIFICATE THE FOREGOING PAGES NUMBERED ONE TO  TWO HUNDRED FORTY- EIGHT, INCLUSIVE, CONTAIN A TRUE, CORRECT AND COMPLETE COPY OF THE RECORD AS REQUESTED BY THE REQUEST FOR RECORD PROPER OF APPELLANT IN CAUSE NUMBER D1314 CR 01 483 ON THE DOCKET OF SAID COURT ENTITLED: STATE OF NEW MEXICO VS GILBERT TORRES (BY DORIS SANCHEZ, DEPUTY CLERK) |
| 08/25/2003 | DOCKETING STATEMENT / |
| | COURT OF APPEALS |
| | FILED WITH THE COURT OF APPEALS ON AUGUST 22, 2003 BY TODD HOTCHKISS, ATTY FOR DEFENDANT |
| 07/11/2003 | ENTRY OF APPEARANCE |
| | TODD HOTCHKISS ENTERS AS COUNSEL FOR GILBERT TORRES, JR |
| 07/01/2003 | WITHDRAWAL/ ENTRY/ |
| | SUBSTITUTION OF |
| | COUNSEL |
| | MOTION FOR SUBSTITUTION OF COUNSEL AND ENTRY OF APPEARANCE (TODD HOTCHKISS, APPELLATE COUNSEL FOR GILBERT TORRES) |
| 06/25/2003 | NTC: OF APPEAL |
| | NOTICE OF APPEAL BY JOSEPH M CAMPBELL, ATTY FOR DEFENDANT |
| 06/23/2003 | CERTIFICATE OF |
| | CONVICTION |
| | BY DORIS SANCHEZ, DEPUTY CLERK |
| 06/20/2003 | ASM: JAIL PRISON |
| | Sentenced on 06-20-2003 Count 1-2 Sentenced: 15 years 0 months 0 days Credited:  0 years 0 months 97 days |
| 06/20/2003 | CLS: JUDGMENT/ |
| | SENTENCE/ COMMITMENT |
| | JUDGMENT, SENTENCE AND COMMITMENT  THE DEFENDANT BE COMMITTED TO THE CUSTODY OF THE DEPT OF CORRECTIONS AS FOLLOWS: FOR THE CHARGE OF MURDER IN THE SECOND DEGREE: 15 YEARS, FOR THE CHARGE OF TAMPERING WITH EVIDENCE THE DEFENDANT SHALL SERVE 18 MONTHS, THE SENTENCES SHALL RUN CONSECUTIVE TO EACH OTHER FOR A PERIOD OF 16 1/2 YEARS, 97 DAYS PRE SENTENCE CONFINEMENT TO DATE OF SENTENCING; UPON RELEASE DEFENDANT IS TO BE PLACED ON PAROLE FOR 2 YEARS, PROVIDE A DNA SAMPLE (JUDGE POPE, JOHN BOGREN) |
| 05/14/2003 | ORD: TO TRANSPORT |
| | CORNELL CORRECTIONS TRANSPORT THE DEFENDANT TO VCC LOS LUNAS ON MAY 19, 2003 AT 11:30 AM FOR THE PURPOSE OF SENTENCING (JUDGE POPE) |
| 05/08/2003 | NTC: HEARING (CRIMINAL) |
| | SENTENCING SET ON MAY 19, 2003 AT 11:30 AM BEFORE JUDGE POPE AT VCC |
| 05/08/2003 | REQUEST FOR HEARING/ |
| | SETTING |
| | SENTENCING (JOHN BOGREN, ADA) |
| 03/25/2003 | RESPONSE |
| | DEFENDANT'S INITIAL RESPONSE TO STATE'S NOTICE OF INTENT TO SEEK AGGRAVATING CIRCUMSTANCES (JOSEPH M CAMPBELL, ATTORNEY FOR DEFENDANT) |
| 03/20/2003 | ORD: ORDER |
| | ORDER OF COMMITMENT FOR 60 DAY DIAGNOSTIC EVALUATION (JUDGE POPE, JOHN BOGREN) |
| 03/05/2003 | NTC: HEARING (CRIMINAL) |
| | ON APRIL 9 2003 AT 10:30AM BEFORE JUDGE JOHN W. POPE |
| 03/03/2003 | MTN: MOTION |
| | DEFENDANT'S MOTION TO CONTINUE PRE-TRIAL BOND (JOSEPH M CAMPBELL ATTY FOR DEF) |
| 03/03/2003 | REQUEST FOR HEARING/ |
| | SETTING |
| | ON DEFENDANT'S MOTION TO CONTINUE PRE-TRAL BOND (JOSEPH CAMPBELL ATTY FOR DEF) |

D-1314-CR-200100483 - Tuesday, January 18, 2011

| | |
|---|---|
| 03/03/2003 | MISCELLANEOUS ENTRY |
| | UNSIGNED VERDICT WE FIND THE DEFENDANT GILBERT TORRES NOT GUILTY OF TAMPERING WITH EVIDENCE AS CHARGED IN COUNT 2 |
| 03/03/2003 | MISCELLANEOUS ENTRY |
| | UNSIGNED VERDICT WE FIND THE DEFENDANT GILBERT TORRES NOT GUILTY AS CHARGED IN COUNT 1 |
| 03/03/2003 | MISCELLANEOUS ENTRY |
| | UNSIGNED VERDICT WE FIND THE DEFENDANT GILBERT TORRES OF VOLUNTARY MANSLAUGHTER AS CHARGED IN COUNT 1 |
| 03/03/2003 | MISCELLANEOUS ENTRY |
| | UNSIGNED VERDICTS WE FIND THE DEFENDANT GILBERT TORRES GUILT OF FIRST DEGREE MURDER AS CHARGED IN COUNT 1 |
| 03/03/2003 | VERDICT GUILTY |
| | WE FIND THE DEFENDANT GILBERT TORRES GUILTY OF TAMPERING WITH EVIDENCE AS CHARGES IN COUNT 2 (CARMEN G DRESKEL FOREPERSON) |
| 03/03/2003 | VERDICT GUILTY |
| | WE FIND THE DEFENDANT GILBERT TORRES GUILTY OF SECOND DEGREE MURDER AS CHARGED IN COUNT 1 (CARMEN DRESKER FOREPERSON) |
| 03/03/2003 | JURY INSTRUCTIONS |
| | 1 THROUGH 24 |
| 03/03/2003 | LETTERS |
| | #13 JUROR: WHAT IS THE DISTANCE FROM THE END OF THE BARREL TO THE TRIGGER JUDGE POPE: ASKED @ 11:00AM FEB 11 2003 |
| 03/03/2003 | LETTERS |
| | CORRESPONDENCE TO JUDGE POPE FROM JUROR JUROR: IS THE TOWEL LONG ENOUGH TO GO FROM THE TRIGGER TO THE TOP OF THE BARREL OF THE GUN? JUDGE POPE : ASKED @ 10:47AM ON 2-13-03 |
| 03/03/2003 | LETTERS |
| | CORRESPONDENCE FROM JUROR THE JUDGE POPE JUROR: WE WOULD LIKE THE PICTURES ENTERED INTO EVIDENCE PLEASE CARMEN ? 2-14-03 @ 10:55 JUDGE POPE YOU GET ALL EXHIBITS 2-15-03 |
| 03/03/2003 | LETTERS |
| | LETERS TO JUDGE POPE FROM JURORS JUROR: MAY WE SEE THE STATEMENTS OF THE DNA EXPERTS THAT THE LAWYERS STIPULATED TOO PLEASE? CARMEN B DRESKEL O2-14-03 @ 10:45 JUDGE POPE YES 2-15-03 AT 1:40 |
| 02/27/2003 | EXHIBIT RECEIPT |
| | RECEIPT FOR EXHIBITS (EXHIBITS INTRODUCED AND ADMITTED INTO EVIDENCE ON FEB 10, 2003 - FEB 14, 2003) (RECEIVED BY JAMIE GOLDBERG, CLERK) |
| 02/27/2003 | NTC: NOTICE |
| | NOTICE OF UNAVAILABLE OF COUNSEL JOSEPH CAMPBELL ATTY FOR DEF WILL BE UNAVAILABLE BECAUSE OF PERSONAL REASONS FOR HEARING IN THE ABOVE-CAPTIONED MATTER FROM MAY 26 2003 THROUGH JUNE 4 2003 (JOSEPH CAMPBELL ATTY FOR DEF) |
| 02/24/2003 | NTC: NOTICE |
| | NOTICE OF INTENT TO SEEK AGGRAVATING CIRCUMSTANCES (JOHN BOGREN ADA) |
| 02/18/2003 | RANDOM JURY SELECTION |
| | RANDOMIZED JURY SELECTION TRIAL DATE FEB 10 2003 |
| 02/05/2003 | MTN: MOTION |
| | DEFENDANT'S MOTION IN LIMINE(2): ANY REFERENCE TO DOMESTIC VIOLENCE (JOSEPH CAMPBELL ATTY FOR DEF) |
| 02/03/2003 | MTN: MOTION |
| | DEFENDANT'S MOTION IN LIMINE OFFICERS TESTIFYING TO THEIR SUBJECTIVE BELIEFS (JOSEPH CAMPBELL ATTY FOR DEF) |
| 02/03/2003 | ENTRY OF APPEARANCE |
| | ENTRY OF APPEARANCE OF CO-COUNSEL JAMES KEITHLEY ENTERS HIS APPEARANCE AS CO-COUNSEL ALONG WITH JOSEPH M CAMPBELL |
| 01/14/2003 | WITNESS LIST |
| | DEFENDANT'S WITNESS LIST (JOSEPH CAMPBELL COUNSEL FOR DEFENDANT) |
| 12/09/2002 | ORD: OF CONTINUANCE |
| | ORDER TO CONTINUE IT IS THEREFORE ORDERED THAT THE JURY TRIAL OF DECEMBER 16 2002 CURRENTLY SET FOR THIS MATTER IS CONTINUED AND WILL BE RESET BY THE COURT (JOSEPH M CAMPBELL ATTY FOR DEF) |
| 12/06/2002 | MTN: FOR CONTINUANCE |
| | DEFENDANT'S MOTION FOR CONTINUANCE (JOSEPH M CAMPBELL ATTY FOR DEF) |
| 11/22/2002 | REQUEST FOR HEARING/ |
| | SETTING |
| | ON STATUS CONFERENCE (JOSEPH CAMPBELL ATTY FOR DEF) |
| 11/22/2002 | NTC: HEARING (CRIMINAL) |
| | ON DECEMBER 6, 2002 AT 10:30AM BEFORE JUDGE POPE |
| 10/15/2002 | ORD: STIPULATED |
| | STIPULATED ORDER TEMPORARILY MODIFYING DEFENDANT'S CONDITION OF RELEASE IT IS ORDERED THAT DEFENDANT BE ALLOWED TO ATTEND ALL MATTER AND RITES NECESSARY TO MOURN THE DEATH OF HIS BROTHER TIM TORRES IN THE COMPANY OF HIS THIRD PARTY CUSTODIAN IT IS ORDERED THAT DEFENDANT'S PRE-IMPOSED CONDITIONS OF RELEASE CONTINUE AS ORDERED AFTER 7:00P.M ON OCTOBER 14,2002 |
| 10/10/2002 | ORD: STIPULATED |
| | STIPULATED ORDER TEMPORARILY MODIFYING DEFENDANTS CONDITIONS OF RELEASE IT IS THEREFORE, ORDERED THAT DEFENDANT BE ALLOWED TO ATTEND ALL MATTERS AND RITES NECESSARY TO MOURN THE DEATH OF HIS BROTHER, TIM TORRES IN THE COMPANY OF |

D-1314-CR-200100483 - Tuesday, January 18, 2011

THIS THIRD PARY CUSTODIAN VIEWING AND ROSARY OCT 13, 2002 6:00PM TO 10:00PM FUNERAL OCTOBER 14, 2002 9:00AM TO 1:00PM TRAVEL FROM FUNERAL TO INTERNMENT FOR ONE(1) HOUR AND INTERMENT OCTOBER 14, 2002 2:00PM TO 7:00PM IT IS FURTHER ORDERED THAT DEFENDANTS PRE-IMPOSED CONDITIONS OR RELEASE CONTINUE AS ORDERED AFTER 7:00PM ON OCT 14, 2002 JUDGE(WILLIAM A. SANCHEZ FOR JOHN W. POPE)

| | |
|---|---|
| 09/26/2002 | ORD: SUPREME COURT<br>EXTENSION GRANTED<br>IN THE SUPREME COURT OF THE STATE OF NEW MEXICO IT IS ORDERED THAT AN EXTENSION IS GRANTED TO AND INCLUDING APRIL 4, 2003 PURSUANT TO THE DISTRICT COURT RULES |
| 09/24/2002 | WITNESS LIST<br>SECOND AMENDED WITNESS LIST (JOHN BOGREN ADA) |
| 07/23/2002 | ORD: ORDER<br>THE TRIAL SETTING IS VACATED AND WILL BE RESCHEDULED TO THE TRAILING DOCKET ON SEPTEMBER 23, 2002 (JOHN BOGREN ADA) |
| 07/22/2002 | NTC: HEARING (CRIMINAL)<br>ON AUGUST 8, 2002 AT 11:30AM BEFORE JUDGE POPE |
| 07/22/2002 | REQUEST FOR HEARING/<br>SETTING<br>ON MOTION TO EXTEND TIME (JOHN BOGREN ADA) |
| 07/12/2002 | WITNESS LIST<br>AMENDED WITNESS LIST (JOHN BOGREN ADA) |
| 07/02/2002 | MOTION/ PETITION TO<br>EXTEND TIME<br>MOTION TO EXTEND TIME (JOHN BOGREN, SENIOR TRIAL PROSECUTOR) |
| 06/11/2002 | ORD: DISTRICT COURT<br>EXTENSION GRANTED<br>ORDER GRANTING EXTENSION OF TIME TO AND INCLUDING 10-4-2002 FOR COMMENCEMENT OF TRIAL IN THIS MATTER |
| 06/11/2002 | ORD: ORDER<br>ORDER (TRIAL SHALL COMMENCE ON 8-5-2002; STATE CRIME LAB SHALL TEST ALL PHYSICAL EVIDENCE TENDERED TO THEM IN THIS CAUSE AND PRODUCE REPORTS TO THE STATE NO LATER THAN 7-3-2002) |
| 06/10/2002 | MOTION/ PETITION TO<br>EXTEND TIME<br>PETITION FOR FIRST EXTENSION OF TIME (JOHN BOGREN, SENIOR TRIAL PROSECUTOR) |
| 06/10/2002 | MEMORANDUM<br>MEMORANDUM TO THE COURTS (EXTENSION REQUESTED TO: 10-4-2002; REASON: STATE HAS NOT RECEIVED CRIME LAB REPORTS AND IS WAITING FOR THEM TO COME IN) |
| 06/04/2002 | ORD: OF CONTINUANCE<br>ORDER TO VACATE AND CONTINUE TRIAL (THE TRIAL SETTING OF JUNE 17, 2002 IN THIS MATTER IS VACATED AND THE CASE IS CONTINUED AT THE CONVENIENCE OF THE COURT; THE STATE SHALL PREPARE AND THE DEFENSE SHALL STIPULATE TO THE FILING OF A PETITION FOR AN EXTENSION OF TIME) |
| 06/04/2002 | MTN: FOR CONTINUANCE<br>MOTION TO VACATE AND CONTINUE TRIAL SETTING (TRIENAH MEYERS GORMAN FOR DEF SEEKS CONTINUANCE OF TRIAL SETTING OF JUNE 17, 2002) |
| 06/03/2002 | NTC: HEARING (CRIMINAL)<br>(MOTION TO REVIEW CONDITIONS OF RELEASE IS SET FOR HEARING ON JUNE 7, 2002 AT 9:00 AM WITH JUDGE POPE AT VCC) |
| 06/03/2002 | REQUEST FOR HEARING/<br>SETTING<br>(MOTION TO REVIEW CONDITIONS OF RELEASE; JOHN J. BOGREN, ADA) |
| 05/20/2002 | MTN: MOTION<br>MOTION TO REVOKE CONDITIONS OF RELEASE (JOHN BOGREN ADA) |
| 04/11/2002 | ORD: STIPULATED<br>STIPULATED ORDER ON DEFENDANTS MOTION DISCLOSURE OF MEDICAL INVESTIGATOR FILES (#11) IT IS THERFORE ORDERED THAT THIS MOTION BE CONTINUED PENDING DEFENSE COUNSELS EFFORTS TO OBTAIN THE OFFICE OF THE MEDICAL INVESTIGATORS FILL FILE AT PRE-TRIAL INTERVIEWS OR THROUGH S SUBPOENAS DUCES TECUM IT FURTHER ORDERED THAT DEFENDANT MAY BRING THIS MOTION BEFORE THE COURT IF THE OFFICE OF THE MEDICAL INVESTIGATOR DOES NOT PROVIDE ITS FULL FILE TO DEFENDANT JOHN W. POPE |
| 04/11/2002 | ORD: STIPULATED<br>STIPULATED ORDER ON DEFENDANTS MOTION FOR DISCOVERY(#12) IT IS THEREFORE ORDERED THAT THIS MOTION BE CONTIUNED IT IS FURTHER ORDERED THAT DEFENDANT MAY BRING A MORE PARTICULARIZED MOTION FOR DISCOVERY IF NECESSARY UPON COMPLETION OF DISCOVERY JOHN W. POPE |
| 04/11/2002 | ORD: STIPULATED<br>STIPULATED ORDER ON DEFENDANTS MOTION TO EXTEND TIME TO DISCLOSE WITNESSES AND AND EVIDENCE (#10) IT IS THERFORE ORDERED THAT THE TIME FOR DEFENDANT TO DISCLO SE WITNESSES AND EVIDENCE IN THIS MATTER BE EXTENDED TO A REASONABLE TIME FOLLOWING COMPLETION OF DISCOVERY JOHN W. POPE |
| 04/11/2002 | ORD: STIPULATED<br>STIPULATED ORDER ON DEFENDANTS MOTION TO EXTEND TIME TO FILE MOTIONS (#9) IT IS THERFORE ORDERED THAT THE TIME FOR |

DEFENDANT TO FILE MOTIONS IN THIS MATTER BE EXTENDED TO A REASONABLE TIME FOLLLOWING COMPLETION OF DISCOVERY JOHN W. POPE

| | |
|---|---|
| 04/11/2002 | ORD: STIPULATED |
| | STIPULATED ORDER ON DEFENDANTS MOTION FOR TAPES AND TRANSCRIPTS OF GRAND JURY PROCEEDINGS (#8) IT IS THEREFORE ORDERED THAT THE SATE PROVIDE THE MATERIALS REQUESTED IN THIS MOTION TO DEFENDANT IT IS FURTHER ORDERED THAT THE DISTRICT COURT CLERK PROVIDE THOSE TAPES TO DEFENDANT FREE OF CHARGE JOHN W. POPE |
| 04/11/2002 | ORD: STIPULATED |
| | STIPULATED ORDER ON DEFENDANTS MOTION TO DISCLOSE TAPES OF CONVERSATIONS AND INERVIEWS (#7) IT IS THEREFORE ORDERED THAT THE STATE PROVIDE DEFENDANT WIT TRUE DUPLICATES OF ANY TAPES IN ITS POSSESSION REGARDING THIS MATTER JOHN W. POPE |
| 04/11/2002 | ORD: STIPULATED |
| | STIPULATED ORDER ON DEFENDANTS MOTION FOR ACCESS TO LAW LIBIRARY IT IS ORDERED THAT THIS MOTION BE WITHDRAWN BY DEFENDANT JOHN W. POPE |
| 04/11/2002 | ORD: STIPULATED |
| | STIPULATED ORDER ON DEFENDANTS MOTION TO INVOKE THE THE RULE (#5) IT IS THERFORE ORDERED THAT THIS MOTION BE WITHDRAWN AT DEFENDANTS REQUEST JOHN W. POPE |
| 04/11/2002 | ORD: STIPULATED |
| | STIPULATED ORDER ON DEFENDANTS MOTION TO BE DRESSED IN STREE CLOTHES WITHOUT HANDCUFFS AND SHACKLES DURING ALL COURT PROCEEDINGS(#4) IT IS THERFORE ORDERED THAT THIS MOTION BE WITHDRAWN BY DEFEDANT JOHN W. POPE |
| 04/11/2002 | ORD: STIPULATED |
| | STIPULATED ORDER ON DEFENDANTS MOTION REGARDING DEFENDANT EXERCISING HIS FIFTH AMENDMENT RIGHT NOT TO TALK TO ANY LAW ENFORCEMENT OFFICES (#3) IT IS THEREFORE ORDERED THAT THE STATE MAY NOT UTILIZE ANY OF ITS AGENTS INFORMANTS OR OFFICERS IN AN ATTEMPT TO SPEAK WIT DEFENDANT REGARDING THIS OR ANY MATTER JOHN W. POPE |
| 04/11/2002 | ORD: STIPULATED |
| | STIPULATED ORDER ON DEFENDANTS DEMAND FOR PRESERVATION OF EVIDENCE (#2) IT IS THERFORE ORDERED THAT THE MOTION IS WITHDRAWN IN ITS CURRENT FORM AND DEFENDANT MAY RAISE THE ISSUE IN A MORE PARTICULARIZED FORM IF DEFENDANT DEEMS THAT TO BE NECESSARY JOHN W. POPE |
| 03/22/2002 | NTC: HEARING (CRIMINAL) |
| | MOTIONS HEARING SET ON 4/3/02 AT 3:00 PM BEFORE JUDGE POPE |
| 03/21/2002 | ORD: ORDER |
| | ORDER FOR TEMPORARY AMENDMENT TO CONDITIONS OF RELEASE IT IS HEREBY ORDERED THE DEFENDANT WILL CONTINUE ON HIS PREVIOUS CONDITIONS OF RELEASE UNDER HOUSE ARREST TO THE HOME OF HIS PARENTS WITH PERMISSION TO LEAVE THE HOME FOR MEDICAL APPOINTMENTS AND ATTORNEY CONSULTATIONS. BY THIS ORDER HE IS FURTHER PERMITTE TO GO TO HIS HOME AT 932 LAS ROSAS LOS LUNAS DURING DAYLIGHT HOURS FOR THE PURPOSE OF CLEANING AND REPAIRING THE PROPERTY UNTIL APRIL 15, 2002 SHOULD FURTHER TIME BE REQUIRED, THE DEFENDANT SHALL SEEK FURTHER LEAVE OF THIS COURT JOHN W. POPE |
| 03/21/2002 | MTN: MOTION |
| | MOTION FOR AN AMENDED TO CONDITIONS OF RELEASE TRIENAH MEYERS GORMAN |
| 03/08/2002 | REQUEST FOR HEARING/ |
| | SETTING |
| | REQUEST FOR MOTION SETTING JUDGE POPE FOR TRIENAH MEYERS |
| 02/13/2002 | REQUEST/ DEMAND FOR |
| | DISCOVERY |
| | PRELIMINARY MOTION FOR DISCOVERY (10) (JOSEPH MEYERS CAMPBELL, ATT FOR DEF) |
| 02/13/2002 | MTN: MOTION |
| | MOTION FOR DISCLOSURE OF MEDICAL INVESTIGATOR FILES (9) (JOSEPH MEYERS GORMAN, ATT FOR DEF) |
| 02/13/2002 | MOTION/ PETITION TO |
| | EXTEND TIME |
| | MOTION TO EXPAND TIME WITHIN WHICH TO DISCLOSE WITNESSES AND EVIDENCE (8) (TRIENAH MEYERS GORMAN, ATT FOR DEF) |
| 02/13/2002 | MOTION/ PETITION TO |
| | EXTEND TIME |
| | MOTION TO EXTEND TIME TO FILE MOTIONS (7) (JOSEPH M CAMPBELL, ATT FOR DEF) |
| 02/13/2002 | MTN: MOTION |
| | MOTION FOR TAPES & TRANSCRIPT OF GRAND JURY PROCEEDINGS (JOSEPH M CAMPBELL, ATT FOR DEF) |
| 02/13/2002 | MTN: MOTION |
| | MOTION TO DISCLOSE TAPES OF CONVERSATIONS AND INTERVIEWS (5)  (JOSEPH M CAMPBELL, ATT FOR DEF) |
| 02/13/2002 | MTN: MOTION |
| | MOTION TO INVOKE THE RULE (4) (TRIENA MEYERS GORMAN, ATT FOR DEF) |
| 02/13/2002 | MTN: MOTION |
| | MOTION REGARDING DEFENDANT EXERCISING HIS FIFTH AMENDMENT RIGHT NOT TO TALK TO ANY LAW ENFORCEMENT OFFICERS (3) (JOSEPH M CAMPBELL, ATT FOR DEF) |
| 02/13/2002 | MISCELLANEOUS ENTRY |
| | DEMAND FOR PRESERVATION OF EVIDENCE (2) (JOSEPH M CAMPBELL, ATT FOR DEF) |
| 02/13/2002 | ENTRY OF APPEARANCE |
| | ENTRY OF APPEARANCE, REQUEST FOR DISCOVERY AND DEMAND FOR SPEEDY TRIAL (TRIENAH MEYERS GORMAN & JOSEPH M CAMPBELL, |

D-1314-CR-200100483 - Tuesday, January 18, 2011

|  |  |  |  |
|---|---|---|---|
|  | ATT'S FOR DEFENDANT) | | |
| 01/11/2002 | RECEIPT | | |
|  | SURETY BOND RECEIPT IN THE AMOUNT OF $50,000 (WITH COPY OF NOTE OF PROPERTY, PROPERTY VALUE BY BERNALILLO COUNTY ASSESSOR) | | |
| 01/11/2002 | ORD: CONDITIONS OF | | |
|  | RELEASE | | |
|  | ORDER SETTING CONDITIONS OF RELEASE THE DEFENDANT SHALL BE RELEASED ON THE FOLLOWING CONDITIONS PROPERTY BOND SHALL BE POSTED TO COVER BOND IN THE AMOUNT OF FIFTY THOUSAND DOLLARS($50,000)THIS SHALL BY COVERED BY PROPERTY BELONGING TO THE DEFENDANT GILBERT TORRES IN LL AND GILBERT TORRES SR AND ALICE TORRES IN ALB. THE DEF SHALL BE UNDER CONDITIONS OF HOUSE ARREST AT THE HOME OF HIS PARENTS AT 7309 VIVIAN DR ALB JOHN BOGREN | | |
| 01/08/2002 | WAR: BENCH WARRANT | D | 1 |
|  | RETURNED | | |
|  | GRAND JURY WARRANT RETURNED WARRANT SERVED ON 22ND DAY OF DEC 2001 BY PEMTO J DEPUTY SHERIFF | | |
| 01/07/2002 | WITNESS LIST | | |
|  | WITNESS LIST RON LOPEZ | | |
| 01/07/2002 | CERTIFICATE OF | | |
|  | DISCLOSURE OF | | |
|  | INFORMATION | | |
|  | CERTIFICATE OF DISCLOSURE RON LOPEZ | | |
| 01/04/2002 | MEMORANDUM OF | | |
|  | ARRAIGNMENT | | |
|  | ARRAIGNMENT AND ORDER SETTING CONDITIONS OF RELEASE THE COURT HEREBY FINDS DEFENDANT ENTERS A PLEA OF NOT GUILTY BOND IS SET IN THE SUM ONE HUNDRED THOUSAND DOLLARS ($100,000.00) BOND 10% CASH BOND IF BOND IS MEET WILL BE HOUSE ARREST EXCEPT FOR ATTORNEY ADN MEDICAL VIST RON LOPEZ | | |
| 01/04/2002 | ORD: TO TRANSPORT | | |
|  | TRANSPORT ORDER IT IS ORDERED THAT THE VCSO TRANSPORT THE DEFENDANT TO THE COURTROOM OF JUDGE POPE ON THE 4TH DAY OF JAN 2002 AT 9:00AM JOHN W. POPE | | |
| 12/21/2001 | ORD: TO TRANSPORT | | |
|  | TRANSPORT ORDER IT IS ORDERED THAT CORNELL CORRECTIONS TRANSPORT THE DEFENDA TO THE VCCH ON THE 4TH DAY OF JAN 2002 AT 9:00AM FOR ARRAIGNMENT RON LOPEZ | | |
| 12/21/2001 | NTC: OF HEARING | | |
|  | NOTICE OF HEARING BEFORE JUDGE POPE ON THE 4TH DAY OF JAN 2002 AT 9:00AM | | |
| 12/21/2001 | REQUEST FOR HEARING/ | | |
|  | SETTING | | |
|  | REQUEST FOR A HEARING JUDGE POPE FOR ARRAIGNMENT RON LOPEZ | | |
| 12/18/2001 | WAR: BENCH WARRANT | D | 1 |
|  | ISSUED | | |
|  | GRAND JURY WARRANT ISSUED FOR MURDER IN THE FIRST DEGREE JOHN W. POPE | | |
| 12/13/2001 | OPN: GRAND JURY | | |
|  | INDICTMENT | | |
|  | GRAND JURY INDICTMENT COUNT I: MURDER IN THE FIRST DEGREE (WILLFUL & DELIBERATE), MURDER IN THE SECOND DEGREE AND MANSLAUGHTER  COUNT II: TAMPERING WITH EVIDENCE | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 12/13/2001 | Pope, John W. | 1 | INITIAL ASSIGNMENT |