IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERT E. TORRES, JR.,

    Petitioner,

    v.           No. CIV 10-1199 JB/LAM

ANTHONY ROMERO,

    Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 26, 2011 (Doc. 9)("PF&RD"). On June 9, 2011, Petitioner Gilbert E. Torres filed Objections to Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 9). See Doc. 10 ("Objections"). The Respondent did not file any objections to the PF&RD, nor did he respond to Torres' objections, and the deadlines filing objections have passed. The Court has conducted a de novo review of those portions of the PF&RD to which Torres objects, and finds that his objections are without a sound basis in the law and facts of this case. Accordingly, the Court will: (i) overrule Torres' objections; (ii) adopt the PF&RD; (iii) deny Torres' Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed December 12, 2010 (Doc. 1)("Petition"); and (iv) enter a judgment dismissing this case with prejudice.

In his petition, Torres contends that his trial counsel was ineffective for failing to file a motion to suppress evidence seized from Torres' home because law enforcement officers did not obtain a warrant to search the residence and no exception to the warrant requirement applied. See Petition at 20-37. In the PF&RD, the Honorable Lourdes A. Martínez, United States Magistrate

Judge, found that the state court decisions regarding Torres' contention that his counsel was ineffective for failing to file a motion to suppress evidence were not contrary to clearly established federal law, because Torres failed to show that his attorney's performance did not fall below an objective standard of reasonableness or that his attorney's allegedly deficient performance prejudiced him. See PF&RD at 11-17. Specifically, Judge Martinez found that Torres' counsel was not unreasonable for failing to file a motion to suppress because the record of this case does not demonstrate that Torres' counsel was aware that Torres may not have consented to a search of his home. See PF&RD at 13-14. Judge Martinez further found that Torres failed to show that his counsel's alleged deficient performance prejudiced him, because Torres failed to state what evidence was collected that should have been suppressed or how that evidence affected his trial. See PF&RD at 14-15. Judge Martinez also rejected Torres' contention that the holdings in three Supreme Court of the United States cases support his argument that his counsel was ineffective for failing to file a motion to suppress. See PF&RD at 15-17.

Torres states in his objections that Judge Martinez erred, because she: (i) overlooked and misunderstood the sequence of events on December 3, 2001, specifically that officers searched Torres' residence after he had departed, that the searching of Torres' residence "was largely done by [New Mexico State Police] officers," and that the officers did not question Torres' neighbors before Torres was transported to the police station, Objections at 1-3; (ii) incorrectly found that the Court of Appeals of New Mexico decision of Torres' direct appeal and state court decisions regarding Torres' state habeas case were "considered on the merits" and not contrary to federal law, specifically that Judge Martinez failed to find that there was no emergency or exigency that continued to exist after the victim, Pamela Pace, was found, such that the officers had no right to enter the residence under the community-caretaker doctrine under the holding of State of New

Mexico v. Ryon, 2005-NMCA-005, 137 N.M. 174, 108 P.3d 1032, and that State of New Mexico v. Ryon does not address "reports of a suicide," Objections at 3-5; (iii) incorrectly found that Torres did not make a showing that his counsel had reason to think that Torres had not consented to a search of his residence, see Objections at 5-7; (iv) incorrectly found that Torres has not shown what evidence would have been suppressed and how that evidence affected his trial, see Objections at 7-9; and (v) incorrectly found that the holdings in Mincey v. Arizona, 437 U.S. 385 (1978), Thompson v. Louisiana, 469 U.S. 17 (1984), and Flippo v. West Virginia, 528 U.S. 11 (1999) are distinguishable from Torres' case, see Objections at 9-12.

The Court finds that these objections lack a sound basis in the relevant law and in the facts of this case, and mostly restate Torres' arguments in his petition. First, Torres fails to state how the order of events on December 3, 2001 affects Judge Martinez' finding that his counsel was not ineffective for failing to file a motion to suppress. In her consideration of Torres' Petition, Judge Martinez considered that Torres allegedly did not consent to a search of his residence and that an arrest warrant was not obtained until several hours later. See PF&RD at 14-17. The Court agrees with Judge Martinez' finding that Torres' counsel was not ineffective for failing to file a motion to suppress evidence, because it is not clear from the record that his counsel was aware that Torres had not consented to the search, and because Torres does not show what evidence would have been suppressed and how that evidence affected his trial. The sequence of when Torres was transported to the police station, when his neighbors were questioned, and which law enforcement officers searched his residence does not affect this finding, and the Court finds this objection lacks a sound basis in the relevant law and in the facts of this case.

The Court also overrules Torres' objection that Judge Martinez incorrectly found that the Court of Appeals of New Mexico decision regarding Torres' direct appeal and the state court

decisions regarding Torres' state habeas case were not contrary to federal law.  Torres contends that Judge Martinez incorrectly found that the Court of Appeals of New Mexico considered his ineffective assistance of counsel claim on the merits.  See Objections at 3.  The Court agrees with Judge Martinez that the Court of Appeals of New Mexico's decision was "on the merits" for purposes of applying the deferential AEDPA standard of review because the claim was not dismissed on procedural grounds.  See PF&RD at 11; Cook v. McKune, 323 F.3d 825, 830-31 (10th Cir. 2003)(explaining that, so long as the state court does not dismiss a claim on procedural grounds, a federal court applies the AEDPA standards regardless whether there is any reasoning to support the decision).  See also Stevens v. Ortiz, 465 F.3d 1229, 1235 (10th Cir. 2006)(explaining that, if a state court decides a claim on the merits in summary fashion, the AEDPA standards still apply, but the focus is on the state court's results rather than any reasoning); Chadwick v. Janecka, 312 F.3d 597, 606 (3d Cir. 2002)(discussing that, in Weeks v. Angelone, 528 U.S. 225 (2000), the Supreme Court applied AEDPA standards of review to a claim which the state court dismissed summarily without giving any explanation of how it reached its decision).  In addition, Torres' statement -- that the Court of Appeals of New Mexico did not hold that the record indicates that Torres' counsel believed that Torres had consented to the entry of police to his home, see Objections at 4 -- is incorrect.  The Court of Appeals of New Mexico stated: "As we have discussed, the record in this case indicates that Defendant's trial counsel believed Defendant had consented to the entry of police into his home."  State v. Torres, 2005-NMCA-070, ¶ 17, 137 N.M. 607, 113 P.3d 877.

Torres' objections to Judge Martinez' findings regarding the state district court's decision relying on State of New Mexico v. Ryon also fail.  Torres states that Judge Martinez incorrectly found that the state district court properly held in Torres' state habeas petition that the officers had the right to enter Torres' residence, because such a holding was not contrary to federal law.  See

Objections at 4. In State of New Mexico v. Ryon, the Supreme Court of New Mexico held that officers may enter a residence without a warrant when they are acting as community caretakers; that, after entering the residence, "officers may expand the scope of the intrusion, if probable cause or reasonable suspicion arises"; and that they "may also seize evidence of a crime that is in plain view"; but they "may not conduct a general exploratory search, unless otherwise warranted." State of New Mexico v. Ryon, 2005-NMSC-005 at ¶ 38. Torres states more than once that the officers had no right to search for hours or conduct an all-night search of his residence, and that the officers did not have consent to be in his house just because Torres consented to have one officer come into the house. The Court agrees with Judge Martinez that the holding in State of New Mexico v. Ryon is not contrary to federal law. As Judge Martinez explained in the PF&RD, the Supreme Court cases upon which Torres relies for his argument -- that the search of his residence was illegal -- all pertain to evidence that was not in the officers' plain view or was discovered in a general exploratory search for evidence of a crime. See PF&RD at 15-18. Torres does not provide any support that the officers conducted a search of anything other than what was in plain view of Pace's body or that they were conducting a general exploratory search for evidence of a crime, nor has he described any evidence that was "collected" and used against him at trial. The cases to which he cites, therefore, do not establish that the search of his home was unconstitutional.

In addition, in Earle v. City of Vail, No. 04-1288, 146 F. App'x 990, 993-94, 2005 WL 2644304 (10th Cir. Oct. 17, 2005)(unpublished), the United States Court of Appeals for the Tenth Circuit held that officers called to the scene of an apparent suicide did not violate the plaintiff's constitutional rights when they searched areas of the house "relevant to a determination of the cause of death and to a verification that the death was, in fact, caused by suicide," and that seizure of evidence in plain view of the area and relevant to the investigation of the apparent suicide

was constitutional.  Earle v. City of Vail, 146 F. App'x at 993-94.  The Tenth Circuit explained that this search was valid, because the consent by the homeowner was not "expressly and explicitly" limited to any certain area of the house.  Earle v. City of Vail, 146 F. App'x at 993.  Torres does not allege, nor does the record reflect, that he expressed any limit to his consent to search his house that he gave to the first officer who arrived, and Torres does not allege that the officers' search went anywhere outside places relevant to determine the cause of Pace's death and to verify the death was a suicide.  Moreover, the officers who were at the scene testified that, in the bedroom where Pace's body was found, they saw that Pace had an apparent shotgun wound to her chest, a four-to-five-inch gash on her upper left thigh with blood flowing up rather than down, badly lacerated hands, a missing thumb, blood stains on the bottom of one of her feet, marks on her throat and back of her neck, evidence of retinal hemorrhaging, a 12-gauge shotgun leaning next to her with a badly damaged barrel that "was peeled back like a banana," a wooden backscratcher next to the shotgun, pieces of shrapnel on the wall, pieces of duct tape and fibers of blue cloth attached to the shotgun, and shredded pieces of a potato on the ceiling.  State of New Mexico v. Torres, 2005-NMCA-070, ¶ 3, 137 N.M. 607, 113 P.3d 877.  These observations were enough to make the officers suspicious about Torres' assertion that his wife had committed suicide and, under these circumstances, it was reasonable for the officers to seek a search warrant based on these observations.  Judge Martinez was, therefore, correct in finding that the holding of State of New Mexico v. Ryon does not conflict with federal law, and Torres' objections regarding that finding are overruled.

The Court agrees with Judge Martinez that the record supports a finding that Torres' counsel and the officers who searched Torres' residence did not know that Torres had not consented to the search of his residence, see PF&RD at 13-14, and Torres' objections to that finding do not present any evidence to the contrary, see Objections at 5-7.  The Court also agrees with Judge Martinez'

finding that Torres fails to show what evidence the state court would have suppressed if his counsel had filed a motion to suppress and how this evidence affected his trial. See PF&RD at 14-15. Torres states that, because the affidavit for the search warrant was based on information gathered while unlawfully in Torres' residence, "all of [the officers'] observations, conclusions, photographs, videotape developed while unlawfully in the residence . . ., and all other physical evidence seized" should have been suppressed. Objections at 8. The Court agrees with Judge Martinez that Torres' statements that all of the evidence in his case should have been suppressed is conclusory because he fails to state with any specificity which evidence was illegally obtained and how that evidence was used to convict him. See PF&RD at 14. Torres admits that he let at least one officer into his residence and that he showed that officer to the room where Pace's body was located. See Objections at 2, 6. But see State of New Mexico v. Torres, 2005-NMCA-070 at ¶ 3 (stating that a second officer arrived shortly after the first officer and that both officers located Pace's body together). Torres does not explain how the information learned from these officers based on their observations at the scene was not enough to obtain the search warrant, nor does he allege that any evidence was collected before the search warrant was obtained. In addition, Torres does not allege that he objected at any time to any other officers going to where Pace's body was found, which is where he led the first officers who arrived, or that their observations were any different from those of the first-arriving officers. Torres does not cite to, nor does the Court find, any requirement that the owner of a residence must give consent to each officer who arrives after consent is given to one officer, as long as the other officers do not exceed the scope of the initial consent. Because Torres does not show that his counsel was aware that he did not consent to the search, and Torres does not state what evidence would have been suppressed and how that evidence specifically affected his

trial, he fails to show that his counsel was ineffective, and his objections to Judge Martinez' findings are without a sound basis in the law and in the facts of this case.

Finally, the Court agrees with Judge Martinez' finding that the three United States Supreme Court cases on which Torres relies do not support his contention that his counsel was ineffective for failing to file a motion to suppress.  In his objections, Torres restates his contentions from his petition regarding those cases.  Compare Petition at 25-27, with Objections at 9-11.  Judge Martinez correctly found that these cases are distinguishable from Torres' case because Mincey v. Arizona dealt with an extensive four-day search, and in Thompson v. Louisiana and Flippo v. West Virginia, the Supreme Court held that specific items which were collected before a search warrant and were not in plain view, should have been suppressed.  See PF&RD at 15-17 (citing Mincey v. Arizona, 437 U.S. at 388-96, Thompson v. Louisiana, 469 U.S. at 18, 19, 22; Flippo v. West Virginia, 528 U.S. at 12-14).  Not only are the facts of these cases distinguishable, but, in addition, none of the Supreme Court cases dealt with the issue whether counsel was ineffective for failing to file a motion to suppress when counsel and law enforcement officers thought that the homeowner had consented to the search.  The Court, therefore, finds that this objection is without a sound basis in the law and in the facts of this case.

Based on the foregoing reasons, the Court finds that Judge Martinez' PF&RD is well-supported.  Torres' objections lack a sound basis in the law and in the facts of this case.  The Court overrules Torres' objections.

**IT IS ORDERED** that: (i) Petitioner's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 9), filed June 9, 2011 (Doc. 10), are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 26, 2011 (Doc. 9), are adopted by the Court; (iii) Torres' Petition For Writ of Habeas Corpus Under 28 U.S.C.

§ 2254, filed December 12, 2010 (Doc. 1), is denied; and (iv) this case is dismissed with prejudice and final judgment shall be entered concurrently with this order.

_____
UNITED STATES DISTRICT JUDGE

Todd B. Hotchkiss
Frechette & Associates
Albuquerque, New Mexico

    *Attorney for Petitioner*

Gary King
  New Mexico Attorney General
Margaret E. McLean
  Assistant Attorney General
Santa Fe, New Mexico

    *Attorneys for the Respondent*